IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-cv-543-FL

| | |
|---|---|
| AVX CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>CORNING INCORPORATED, *et al.*,<br><br>   Defendants. | **STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION AND INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEGED INFORMATION** |

THIS CAUSE came on to be heard upon the stipulation of counsel for Plaintiff AVX Corporation and Defendants Corning Incorporated; Components, Incorporated; Corning International Corporation Corning SAS; Corning Limited; and Corning GmbH, as to the entry of a Protective Order for Confidential Information and Inadvertent Disclosure of Protected or Privileged Information, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED as follows:

## CONFIDENTIAL INFORMATION

1.  Any party to this litigation, or third party producing documents in this litigation, may designate a document or information as confidential if the producing party reasonably believes that the document or information is of a proprietary or commercially sensitive nature or should otherwise be subject to confidential treatment.  Documents or information so designated may be marked in writing or by stamp as "CONFIDENTIAL" ("Confidential Information").

2.  The parties and their attorneys shall not give, show or otherwise, either directly or indirectly, divulge any Confidential Information produced in this action, or the substance thereof, or any copies, descriptions, prints, negatives or summaries thereof, and will not disclose any

Confidential Information to any entity or person except the receiving party, employees of the receiving party who are actively involved in assisting with the prosecution or defense of this action, the receiving party's counsel of record, paralegal assistants, secretaries, and supporting staff, expert witnesses, deposition or trial witnesses, or the Court and its officers, or use any Confidential Information other than in connection with the above-captioned litigation, as described more fully below.

3. Any and all such persons above who are given access to Confidential Information ("Qualified Persons") shall be presented with a copy of this Order by the attorney making the disclosure and shall agree to abide by its terms. Those persons shall not give, show or otherwise, either directly or indirectly, divulge or otherwise use any Confidential Information, or the substance thereof, or any copies, descriptions, prints, negatives or summaries thereof, to any entity or person, except only as may be necessary to prepare for or to conduct this litigation, or to render expert advice, assistance or testimony in this litigation. In that event, the disclosure shall likewise be subject to the terms and conditions of this Order.

4. Any party may object to a designation of information produced in this litigation as "CONFIDENTIAL" by providing the disclosing party with a written objection that identifies the information at issue and states its reasons for questioning the confidentiality designation within approximately 30 days of learning the basis for the objection.. The disclosing party must respond in writing to the objection within approximately 30 days of receiving the objection. If the party challenging the confidentiality designation is not satisfied by the disclosing party's response, it may move the Court to lift the confidentiality designation, as may be appropriate. Unless and until the Court rules that the document or information is not confidential and, therefore, falls outside this Protective Order, the document or information shall be treated as if covered by this Order,

including the provisions of Paragraph 9 herein. The burden shall be on the party seeking protection to establish the confidential nature of the document or information.

5. Within sixty (60) days of the termination of this action, all Confidential Information, including any and all copies, prints, negatives, electronic copies, portions and summaries thereof, including any and all copies, prints, negatives, electronic copies, portions and summaries in the possession of Qualified Persons, shall be returned to counsel for the producing party or destroyed by the receiving party (in the case of electronic copies, the receiving party and Qualified Persons shall take reasonable efforts to delete said copies from computer servers).

6. Documents and information covered by this Order shall be used solely for the purpose of conducting this litigation and not for any business or other purpose.

7. No party hereto shall be bound by this Order as to any information which it possessed prior to this action, unless that information was obtained from the other party under circumstances requiring the first party to treat it as confidential. Any party claiming that information designated by the other party as "CONFIDENTIAL" has been in the possession of any such first party or has been in the possession of the public prior to the disclosure of such information and discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

8. When any party desires to use a document or information that is covered by this Order in any public record, such as attachment to motions, production at hearings or exhibits to depositions, or when any discovery response, including interrogatory answers and responses to requests to admit is to be filed with the Court, the document shall be marked "CONFIDENTIAL" and filed under seal consistent with and as appropriate under Local Rules, unless the disclosing party agrees otherwise. When Confidential Information is presented, quoted or referenced in any deposition, hearing or other proceedings other than at trial, counsel for the parties shall make

arrangements or, when appropriate, request the Court to make arrangements to ensure that only Qualified Persons are present during such presentation, quotation or reference.

9. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

    (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

    (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

    (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

    (d) the reasons why alternatives to sealing are inadequate; and,

    (e) whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material

should have been designated "CONFIDENTIAL" within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Information under this Order and the receiving party shall take prompt steps to ensure that all known copies of such material are marked appropriately and treated as such. Nothing in this section shall preclude a party from challenging the propriety of the claim of confidentiality.

### PROTECTED OR PRIVILEGED INFORMATION

11. The parties agree to take reasonable steps to identify and withhold from production information that a party believes is protected by the work product doctrine or otherwise subject to any recognized evidentiary privilege ("Protected or Privileged Information"). In the event that Protected or Privileged Information is inadvertently produced, the producing party shall notify any party that received the Protected or Privileged Information as soon as practicable after the producing party discovered, or with reasonable diligence after production should have discovered, the inadvertent disclosure. Notice to the receiving party shall include the basis for the producing party's claim of protection or privilege. After being notified, the receiving party shall promptly return, sequester or destroy the specified Protected or Privileged Information (including any copies) and may not use or disclose the information, except to the Court as indicated below. A receiving party who disclosed the Protected or Privileged Information to third parties before being notified of its protected or privileged status shall take reasonable steps to retrieve it. By complying with this obligation, the receiving party does not waive any right it may have to challenge the assertion of privilege or work product protection, and may submit the inadvertently disclosed Protected or Privileged Information to the Court under seal for a determination of the claim.

12. Any party who violates this Protective Order may be subject to contempt of this Court, attorney fees and costs for having to enforce this Order.

**SO ORDERED.**

Dated: October 27, 2017

_____
Louise Wood Flanagan
UNITED STATES DISTRICT JUDGE